UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN ADMIRALTY

Case No. 18-cv-60200-GAYLES

SAMANTHA BACA,

        Plaintiff,
v.

The Motor Yacht, ENDLESS SUMMER,
Official Number 71013 and ISLAND GIRL,
LTD., a Foreign Corporation,

        Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Counter-Defendant Samantha Baca's Motion to Dismiss Defendant's Counter Verified Petition for Exoneration from or Limitation of Liability (the "Motion") [ECF No. 21]. The Court has reviewed the Motion and the record and is otherwise fully advised. As set forth in detail below, the Motion is granted.

### BACKGROUND

On February 25, 2015, Plaintiff/Counter-Defendant Samantha Baca ("Ms. Baca") was sexually assaulted by Rafal Dowgwillowicz-Nowicki ("Nowicki") while aboard the Endless Summer, a 156-foot motor yacht owned by Defendant/Counter-Plaintiff Island Girl, Ltd. ("Island Girl"). Both Ms. Baca and Nowicki were employees of Island Girl. At the time of the assault, the Endless Summer was docked and undergoing a refit at the Universal Marine Center.

On November 2, 2015, Ms. Baca's counsel sent a letter to Island Girl notifying Island Girl that Ms. Baca was represented by counsel and that counsel had determined that Island Girl,

as owner of the Endless Summer and Ms. Baca's employer, was a responsible party for the sexual assault. On February 22, 2016, Ms. Baca filed a one-count negligence complaint against Island Girl's project manager, Kurt Tomecek, in the Seventeenth Judicial Circuit in and for Broward County, Florida (the "State Court"). On July 13, 2016, Ms. Baca filed an Amended Complaint in the State Court action against Island Girl and Kurt Tomacek alleging claims for (1) Jones Act Negligence; (2) Unseaworthiness; and (3) Cure. Island Girl disputed that the Endless Summer was a vessel in navigation and that, therefore, Ms. Baca could not prevail on her Jones Act and Unseaworthiness claims. The State Court action proceeded to trial on January 23, 2018. At the close of its case, Island Girl moved for a directed verdict on whether Ms. Baca was a seaman and whether general maritime law applies. The State Court denied Island Girl's motion and Ms. Baca's claims were submitted to the jury. On January 29, 2018, the jury rendered a verdict finding that (1) Ms. Baca was acting in the course of her employment as a crew member of a vessel in navigation; (2) Island Girl was negligent, and (3) Island Girl's negligence was the legal cause of Ms. Baca's damages. The jury awarded $70,560,050 in damages to Ms. Baca (the "Judgment").

On January 30, 2018, Ms. Baca filed this action against the Endless Summer and Island Girl to execute on the Judgment. The Court directed the arrest of the Endless Summer which is currently in the custody of a substitute custodian.

On March 1, 2018, Island Girl filed its answer in the arrest proceeding, again denying that the Endless Summer was a vessel at the time of Ms. Baca's assault.[1] At the same time, Island Girl filed a Counter Petition for Exoneration from or Limitation of Liability (the "Counter-

---

[1] *See* Answer and Affirmative Defenses [ECF No. 18] ("¶1. Denied that the Motor Yacht ENDLESS SUMMER, Official Number 71013 ("Structure") was a vessel at relevant times hereto falling under the scope of 46 USC § 31342(a)(2) … Affirmative Defenses 1. That Plaintiff has failed to state a claim upon which relief can be granted because the Structure was not a vessel in navigation at the time of the incident and Plaintiff was not a seaman and/or ever exposed to perils of the sea or other maritime hazards at any times relevant hereto. . .")

Petition"), pleading "in the alternative" that it is entitled to limit liability under 46 U.S.C. §§ 30501 – 30512 in the event the Endless Summer is found to be a vessel. [ECF No. 18].

Ms. Baca moves to dismiss the Counter Petition arguing it is barred by the applicable statute of limitations and the principal of *res judicata*.

## LEGAL STANDARD

A motion to dismiss for lack of subject matter jurisdiction brought pursuant to Federal Rule of Civil Procedure 12(b)(1)[2] may present either a facial or a factual challenge to the complaint. *See McElmurray v. Consol. Gov't*, 501 F.3d 1244, 1251 (11th Cir. 2007). In a facial challenge, a court is required only to determine if the plaintiff has "sufficiently alleged a basis for subject matter jurisdiction." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (internal quotation and citation omitted). Furthermore, "the court must consider the allegations in the plaintiff's complaint as true." *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981).[3] By contrast, a factual attack "challenge[s] 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings . . . are considered.'" *McElmurray*, 501 F.3d at 1251 (quoting *Lawrence*, 919 F.2d at 1529).

## DISCUSSION

The Limitation of Liability Act (the "Act") provides that a vessel owner can either be exonerated from all liability or limit its liability arising from the owner's operation of the vessel to the value of the vessel and its pending freight. 46 U.S.C. § 30505. Congress enacted the legislation in 1851 in an effort to encourage ship building in the United States. *See Paradise Divers, Inc. v. Upmal*, 402 F.3d 1087, 1089-90 (11th Cir. 2005). However, to curb abuses by vessel

---

[2] Ms. Baca brought the Motion pursuant to Federal Rule of Civil Procedure 12(b)(6). Because the Court finds that it lacks subject matter jurisdiction, there is no need to recite the legal standard governing 12(b)(6) motions.

[3] The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit rendered before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

owners in filing limitations actions, Congress amended the Act in 1936, adding a statutory limitations period. *See In re Paradise Divers, Inc.,* No. 03-cv-10032, 2003 WL 25731109, at *3 (S.D. Fla. Nov. 9, 2003) (O'Sullivan, Mag. J.). Accordingly, a vessel owner must file its Petition under the Act "within 6 months after a claimant gives the owner written notice of a claim." 46 U.S.C. § 30511(a). "This requirement is jurisdictional." *In re The Complaint of RLB Contracting*, 773 F.3d 596, 602 (11th Cir. 2014). Therefore, if a petition for exoneration from or limitation of liability is not timely, the court has no jurisdiction hear the action. *In re Man of Steel, Ltd.*, No. 12-60179, 2014 WL 12503314, at *3 (S.D. Fla. Feb. 28, 2014). The six month statute of limitations "'is strictly enforced,' and the remedy for noncompliance with the time limit is dismissal of the action." *Orion Marine Construction, Inc. v. Carroll*, No. 8:15-cv-1136, 2017 WL 5444548, at *7 (M.D. Fla. Mar. 31, 2017) (quoting *Paradise Divers*, 402 F.3d at 1090).

To ascertain whether a vessel owner has "written notice of a claim" such that the six-month limitations period is triggered, Courts have used two different methods. *Paradise Divers*, 402 F.3d at 1090.

> Under one test, notice is sufficient if "it informs the vessel owner of an actual or potential claim ... which may exceed the value of the vessel ... and is subject to limitation." [*Paradise Divers*, 402 F.3d at 1090]. Under this test, the notice must "reveal a 'reasonable possibility' that the claim made is one subject to limitation." *Id.* (quoting *In re Complaint of McCarthy Bros. Co./Clark Bridge,* 83 F.3d 821, 829 (7th Cir.1996)). The second test requires that the writing: "(1) demand a right or supposed right; (2) blame the vessel owner for any damage or loss; and (3) call upon the vessel owner for anything due to the claimant." *Id.*

*P.G. Charter Boats, Inc. v. Soles*, 437 F.3d 1140, 1143 (11th Cir. 2006).

The Court finds that under either of these tests, Ms. Baca's Amended Complaint, filed on July 13, 2016,[4] was sufficient to provide Island Girl with written notice of a claim arising from Island Girl's operation of Endless Summer. Indeed, the Amended Complaint alleged claims for

---

[4] Because the filing of the Amended Complaint was well before Island Girl's Petition, the Court need not address whether the original complaint or the prior demands were sufficient to constitute written notice.

4

Jones Act negligence and unseaworthiness against Island Girl based on Ms. Baca's assault while on the vessel. Island Girl argues that because it disputed that Endless Summer was a "vessel" under maritime law throughout the state court litigation, the statute of limitations was not triggered until January 29, 2018, the date the jury found that Endless Summer was a vessel in navigation. Island Girl's loose interpretation of written notice and the applicable statute of limitations is without merit.

The Act's six-month timeline "is triggered only if and when the written notice reveals a 'reasonable possibility' that the claim will exceed the value of the vessel, and therefore that the vessel owner might benefit from the Limitation Act's protection." *In re Eckstein Marine Service, LLC.,* 672 F.3d 310, 317 (5th Cir. 2012) (quoting *Complaint of Tom-Mac, Inc.*, 76 F.3d 678, 683 (5th Cir. 1996)). The reasonable possibility standard places the burden on the vessel owner to investigate potential claims. *See In re The Complaint of RLB Contracting, Inc.*, 773 F.3d at 602 (explaining that the burden is placed on the vessel owner because the vessel owner "reaps all of [the Act's] benefits"). The standard "is not toothless, [but] is also not particularly stringent." *In re Eckstein*, 672 F.3d at 317. As long as there's a reasonable possibility that there might be a claim against the vessel owner and that the owner might benefit from the Act's protections, the timeline is triggered. *Id.*

The Amended Complaint established a reasonable possibility that there might be a claim against Island Girl and that the jury might find that Endless Summer was a vessel under maritime law. *See Id.* ("This put [petitioner] on notice that it would have to defend itself against a claim that *might* fall under the Limitation Act.") (emphasis added). It is of no moment that Island Girl denied that the Endless Summer was a vessel. The mere possibility that a jury could find that the Endless Summer was a vessel was sufficient to present a reasonable possibility of a claim. Island Girl could have timely filed its Petition for Exoneration from or Limitation of Liability after

receiving the Amended Complaint and indicated to the district court that, while it disputed whether the Endless Summer was a vessel, it filed the Petition, in the alternative, to protect itself. Indeed, Island Girl is currently arguing in the alternative, alleging in its answer and affirmative defenses in this action, and presumably in its appeal of the State Court action, that the Endless Summer is not a vessel while arguing the opposite in its Counter-Petition. Nothing prevented Island Girl from making these same alternative arguments within the six-month statute of limitations. As a result, the Court finds that Island Girl's Counter-Petition is untimely. The Court, therefore, is without jurisdiction to hear Island Girl's exoneration or limitations claims.[5]

## CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Counter-Defendant Samantha Baca's Motion to Dismiss [ECF No. 21] is **GRANTED**. Defendant's Counter Verified Petition for Exoneration from or Limitation of Liability [ECF No. 18] is **DISMISSED** with prejudice.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of August, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[5] Because the Court is without jurisdiction to hear the Counter-Petition, it does not address Ms. Baca's arguments that the Counterclaim is substantively barred by *res judicata* principles.